**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| COLLEEN COPE, *pro se*, | ) | CASE NO. 4:14-cv-01731 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MAGISTRATE JUDGE GREG WHITE |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

This matter has been referred to the Court for the preparation of a Report and Recommendation. Defendant Commissioner of Social Security filed her Answer and the transcript on November 5, 2014. (ECF Nos. 10 & 11.) Pursuant to the Supplemental Order (ECF No. 5), Plaintiff's Brief on the Merits was due sixty (60) days thereafter. Plaintiff has not filed a brief nor has she sought an extension of time to do so. On January 23, 2015, the Court entered a show cause order directing Plaintiff to respond by February 9, 2015, as to why the complaint should not be dismissed for want of prosecution. (ECF No. 12.)

It should be noted that the Supplemental Order was returned as undeliverable on September 9, 2014. (ECF No. 8.) On November 6, 2014, the Court resent the Supplemental

Order to Plaintiff's corrected address.[1] Allowing until November 10, 2014 for receipt of the re-sent order, Plaintiff's Brief on the Merits would, nonetheless, have been due by January 9, 2015. No other correspondence from the Court has been returned, nor did Plaintiff provide the Court with a change of address or other contact information.

"Although *pro se* litigants are held to less stringent standards than attorneys, dismissal of a case for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily comprehended court deadlines." *May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001). Plaintiff has "an affirmative duty to supply the court with notice of any and all changes in her address." *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (citations omitted); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of *pro se* plaintiff's civil rights complaint for want of prosecution because he failed to keep the district court apprised of his current address.); *accord Harkleroad v. Astrue*, 4:03-CV-15, 2011 WL 3627161 (N.D. Ohio Aug. 17, 2011) ("Because Plaintiff has not allowed the Court or the Commissioner to remain in contact with her, and has not otherwise remained in contact with the Court, the Court has no way to proceed in this case. Dismissal is the only sanction available here to protect the integrity of pre-trial procedures and avoid unnecessary burdens on the courts and opposing parties.")

Considering all of the above, the Court recommends dismissing this action for want of prosecution.

/s/ Greg White
U.S. MAGISTRATE JUDGE

---

[1] There is no indication on the docket that the second mailing was undeliverable.

Date: February 11, 2015

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**